Good morning, Your Honor. May it please the Court, Counsel. My name is Richard Wall. I represent the appellant in this matter, Gary Corbray. This is an appeal from denial of petition for habeas corpus. On the procedural part of this case, there are two issues that were raised on appeal by Mr. Corbray, and that is the issue of ineffective assistance of counsel at trial and then the issue of juror bias. Those issues were, the petition was initially denied on a number of issues, but those were the ones that are being raised here on appeal. And essentially government contends that Mr. Corbray procedurally defaulted those claims by what they term a flaw in his litigation strategy. I think if you review the record here, it's pretty clear that Mr. Corbray's litigation strategy was to raise every issue he could think of to raise at every opportunity he had to raise it. And as thoroughly and completely as he could as a pro se litigant do so. When I look at his petitions, he's like the human typewriter. He put a lot of information in a very small space, and I thought for a pro se person, did a very good job of putting forth what he thought were the defects in the way his case proceeded. But what ultimately happened was that he never got a hearing on the merits of any of his claims. Well, if we just assume, do you want to take them claim by claim? Well, I guess I would probably want to address the ineffective assistance of counsel claim first. And the idea that that somehow was procedurally defaulted. He clearly raised that one every opportunity he had. And it was clearly presented twice to the state Supreme Court. And it was rejected because it was decided, they said, on direct appeal. Well, let's just assume, I don't want to go too fast for my colleagues, but what is his ineffective assistance of counsel claim? Let's just assume he raised it, but what is it? His claim is basically that his counsel was ineffective in presenting evidence that would have supported his defense in this case, his version of what happened. His defense was these incidents never happened. The allegations were made by the alleged victim because the mother basically put her child up to it in retaliation for him basically ending the relationship. He said that she had told him she was going to do something to get back at him. He testified to that. And he pointed out and cited to the record that there were witnesses he believed his attorney could have called and didn't. But one of the other aspects was he said that she had told him, the mother of the victim had told him, that she had previously made a report to CPS. And he testified to that, that she had previously made a report to CPS. And that was an indication of her willingness to do that in a more or less vindictive, for a vindictive reason, that there was documentary evidence available and his attorney didn't go get it, didn't use it. Well, wasn't that claim rejected for inadequate briefing? Not because of direct litigation initially because I thought that was what you said, but I thought this one, that the state court had thought the briefing was inadequate. And that was the basis on which they got rid of that. And whereas on the jury issue it was the direct or re-litigation rule. And I think it's the way that it's been argued in the government's brief, it could be they're relying on both, the Taylor rule and the Rice rule, as they're called. But on the, what they refer to as the inadequate briefing rule, that was what the district court relied on primarily, I believe. Well, let's suppose, let's suppose that he raised it. But he didn't, he got thrown out on the inadequate briefing rule, which I assume you could look at as being on the merits. He didn't show that he had suffered ineffective assistance of counsel. Now, if you look at it as a ruling on the merits, he raised it. They ruled on it. Maybe the district court may have said the wrong thing. You say it did in saying that it's barred. But under Strickland, how do we overturn the ruling on the merits that he never showed that there was any ineffective assistance of counsel that would have affected his case? Well, because, as this court pointed out many times, you can't generally raise those claims on direct appeal. When you're looking at only the record that was created at trial, you're very rarely going to be able to successfully raise an ineffective assistance of counsel claim. Well, that doesn't mean that he gets a trial in federal court, under AEDPA. Well, let's take it from there and go forward, okay? So, he then files his habeas petition in state court. And they say, well, it's already been ruled on, on direct appeal, and you don't get to bring it up again. Well, in his habeas petition, did he brief the inadequate assistance or ineffective assistance of counsel? And did they reject that on the inadequate briefing rule or on the no relitigation rule? It was initially rejected on the no relitigation rule. I think it was subsequently, then, on the habeas, rejected on the inaccurate briefing rule. But I would agree with Your Honor that that's really a ruling on the merits if you haven't presented enough evidence to support your claim. But if you're limited to citation to the record, you're never going to be able to support that claim because you need to go outside the record. On habeas, if he brought a state habeas claim, he could put in affidavits that he couldn't put in on appeal that would show that there was a basis for his claiming that the counsel should have, the child testified, I take it, that she was just put up to it by her mother. I didn't see anything that would support that. And I agree, Your Honor, that's not there. And that's why we cited to the rule that if you're not given that opportunity to present that evidence, there has to be some fault on your part, okay? And our argument is when you're a pro se litigant in prison, for the state court to say you have to somehow procure affidavits, you somehow have to procure evidence outside the record, documentary or testimony, without the power of subpoena, without any assistance from counsel, it essentially makes it impossible for you to present that claim. Isn't that always the case with a pro se litigant in a habeas proceeding? And the Supreme Court has said in a habeas proceeding there is not a right to counsel. That's correct. But if the result is that the person has a, and this is the ruling that we have cited, if there is a colorable claim, that is if you say this evidence exists and it should have been presented by my attorney. How do we know that the evidence exists? That's the problem. We don't have a single affidavit. We don't have anything. Well, we do have his citation to what is in the record where this document that he referred to was discussed. The document itself was not entered into the record, but it was discussed with counsel and the court, and the attorney did not present it, okay? The document said? Well, we don't know what the document said. That's the problem because it wasn't submitted, and that's his claim. My attorney should have put this information in. It says a certain catch-22. Exactly. And that's what my point is, that it is a catch-22 for someone like Mr. Corbray. And that's why I think the rule that applies here is unless there's some fault on his part, he should get a hearing here or he has the opportunity to present that. What's your strongest Supreme Court authority for that principle? I don't have it cited in my brief, and I don't have a cite in front of me, but it would be. . . Well, that's all right. We'll give you a little time. It goes pretty far. But it's cited, and it gives a number of different circumstances in which a habeas petitioner is entitled to a hearing in federal court. And one of them is if they never got that hearing in state court and it was not through any fault of their own. And I don't think it can be argued Mr. Corbray's at fault here. What bothers me, Ken, if I could interject a question. Yes. What bothers me about the theory as it's being expressed is it seems to federalize and shift to the federal courts the responsibility to hold hearings in every case where you have a pro se prisoner making state habeas claims. You know, you may be correct if you're going to apply the rule that Washington uses. And I would argue that basically Washington has developed this rule to do exactly that. We're not going to let you present this stuff to us, so go present it to state court. Because they have that bar that says. . . To federal court? Well, that's not really what the rule says. But when they have a bar that says if you can't produce as a pro se habeas petitioner, you can't produce evidence from outside the record, we won't give you a hearing or give you the opportunity. We won't appoint counsel for you who can maybe help you procure that evidence. We won't give you subpoena power to procure that evidence. But still, somehow you're going to have to get evidence outside the record to support your ineffective assistance with a counsel claim. It creates this catch-22, which then, as you say, almost automatically means you've got to get into federal court. Because you have no way of getting your hearing in state court. You can't do it. And that's our argument. State court has to appoint counsel for him, and that's a requirement of law so that now he can make his claim when he's never been able to present anything in state court. It seems to me that's got the law backwards. Well, I would say that's a result of the rule that Washington has adopted. Not the result of the federal law, but that's the result of the rule that Washington has adopted and applied here. Because they basically made it impossible for Mr. Corbett to present that claim. Okay. We're running out of time. I think we understand what you're saying. With respect to the impartial jury claim, didn't you have a hearing on that? No. No, there was never a hearing on that. Okay. We'll hear from the State. May it please the Court, I am Assistant Attorney General Rhonda Larson for the State Appellee. A quick note here regarding the ineffective assistance of counsel claim. I just wanted to point out that the information regarding exactly the merits of the claim, the information that Mr. Corbett wanted his attorney to investigate was actually to his detriment rather than to his benefit. As he admitted in his personal restraint petition, the allegation that his ex-wife made the CPS report is a false allegation. It was actually his brother's girlfriend that made the CPS report. And ironically, the jury heard only Mr. Corbett's self-serving statement that it could have been his ex-wife. And despite that, the jury found him guilty anyway. So that's definitely not in his favor to have had his attorney bring that to the court. Regardless, this claim is procedurally barred. Regarding the question of the inadequate briefing rule, part of the confusion on this procedural bar is that the State Court of Appeals had decided it was barred by the relitigation rule, but the State Supreme Court didn't rely on that and instead had it barred by the inadequate briefing rule. And so the State Supreme Court also didn't rule on the merits, but for a different reason. And we actually believe that the Court of Appeals was wrong in believing it was the relitigation rule. So I think the State Supreme Court realized that, too. The inadequate briefing, but does that mean—I mean, that's— is that really a procedural bar, or is that a ruling on the merits? It's a procedural bar. It's under one of the rules of appellate procedure for the State Court. The person who's bringing the personal restraint petition has to attach to that petition the evidence to support their claim. And he didn't attach any affidavits. He didn't do anything. And he didn't ask for an evidentiary hearing, either, in his personal restraint petition. So he hasn't done his job in the state court to provide the court with what it needed to address his claim on the merits, and therefore he failed to— The court didn't look at the merits because it said you didn't give us what our appellate rules require you to give us for us to look at the merits. And counsel, is there any federal case that says a state court inadequate briefing rule like this is an adequate state ground that thereby can avoid the federal review? Your Honor, I'm not aware of a case that has addressed the inadequate briefing rule, but the inadequate briefing rule does fall under all of the requirements regarding it's independent of federal law and it is consistently applied and it was clearly announced long before it was applied here. So the question or the test is not whether some other federal court has looked at this rule. The test is whether it's adequate and independent. Regarding Mr. Corbray's other claim, the inadequate briefing— excuse me, the relitigation rule bars Mr. Corbray's jury misconduct claim and that is the case despite the language in Cohn v. Bell and Wellens v. Hall. The petitioners in Cohn and Wellens both properly preserved and exhausted their claims in state court. Mr. Corbray did not. His claim is defaulted and because of that difference, Cohns and Wellens do not apply to Mr. Corbray's claim. Procedural default no matter what the type, even with the relitigation bar, bars federal review absent special circumstances. If they're relitigation rule, does it mean he already presented this issue on direct appeal? That's right, Your Honor. He presented it only in the court of appeals, in the state court of appeals on direct appeal. He did not present it in the state supreme court on direct appeal. However, the state's rule barring relitigation, all that needs to be shown is that he presented it in the court of appeals. Wasn't there a hearing at the trial on what happened at some point? That's right, Your Honor. There was a record developed. That's right, Your Honor. He had juror number 13 came in and said that she thought she overheard juror number 7 say that he had talked to the prosecutor's office and also that he wanted to be foreman. And so the court let her go back. After asking all of her questions, the court let her go and brought juror 7 in and asked him questions. And the court specifically said, have you had any contact with Benton County prosecutor or any prosecutor's office? No. So you have not discussed criminal procedure or no, or anything with anyone? No. Okay, Ms. Powers, I have no questions. Mr. Hoffman, no questions, Your Honor. So both sides were able to ask this juror number 7 questions, and neither of them had questions. And he raised it to the court of appeals. That's right. And they lost on it, and then he didn't raise it to the supreme court. That's right, because he failed to do a petition. And when he raised it in his restraint petition, they said you've already litigated it. Yeah, that's right, Your Honor. So they didn't look at the merits. And therefore, it's barred by federal court review on Habeas. Mr. Corbray had a full opportunity to have the Washington Supreme Court resolve the merits of his ineffective assistance and juror bias claims, but his defaults prevented that merits resolution. Because he never obtained a merits review of those claims by the Washington Supreme Court at any time, he cannot have federal review of those claims. Well, flying in, just to get a belt of suspenders here, because I, for one, am quite frustrated at all these hoops we have to go through. But if you just look at what the court of appeals did, the court of appeals said, did it deal with this claim on the merits? The state court of appeals? Yes, and it rejected it on the merits because it found that the trial judge had discretion to determine how much investigation was required and that the trial judge did not abuse his discretion. And it's similar to how this court looks at federal district courts when they have a jury misconduct claim. The trial judge has wide discretion in deciding whether or not to do further investigation. So looking at that as the last reason decision of the state court under AEDPA, even if we were to get beyond the bar, it would appear to be not an unreasonable application of the law or of the facts. That's right, Your Honor. It was not a situation like in Rummer, for example, where there was actual evidence that contact had occurred or influence had occurred. This case, it's pure speculation. And so there's no clearly established Supreme Court precedent where pure speculation is enough. Okay. Any further questions? All right. The state requests that this court affirm the district court's judgment denying Mr. Corbray's habeas petition. Thank you. Thank you. Mr. Wall. Thank you. Just one factual matter. The government's claiming that there was evidence that it was not Mr. Corbray's ex-wife, but another person who made the referral to CPS. There's really no evidence to support that. That was a statement, I think, that was made by the prosecutor. It's not really in the record. And Mr. Corbray disputes that. That's the whole issue. With regard to your question earlier about the authority for our position, and that would be primarily Townsend v. Sain. That's 372 U.S. 293. And also the case that I probably cannot say, Nzinghime v. Morgan, where this circuit has ruled that if there's a failure to develop the record in the state court, it's the basis for denying a hearing, it has to be attributable to some fault or lack of diligence on the part of the petitioner. And that's really the essence of what we're trying to explain here, is that there's no showing that there was something else Mr. Corbray could have done to try to get these issues in front of the court. Okay. Thank you. We understand that. Any further questions of the appellate? Thank you. The case just argued is submitted for decision.
judges: Schroeder, Alarcon, Gould